UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-40-RLV
(5:14-cr-67-RLV-1)

| | |
|---|---|
| DASHAWN RAQUAN HUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's unopposed motion to hold this action in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On April 7, 2016, this Court sentenced Petitioner to a total aggregate sentence of 192 months, 84 months of which were for his conviction under 18 U.S.C. § 924(c). Judgment, United States v. Hunt, 5:14-cr-67-RLV-1 (W.D.N.C.), Doc. No. 84. On February 23, 2017, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, arguing that his § 924(c) conviction is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015), because his predicate offense of Hobbs Act robbery does not qualify as a crime of violence. (Doc. No. 1.) In Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," but the decision did not address the residual clause in § 924(c). See id. at 2563.

On March 15, 2017, the Federal Defenders of Western North Carolina filed the instant Motion on Petitioner's behalf to hold this action in abeyance pending a decision by the United States Supreme Court in Lynch v. Dimaya, Case No. 15-1498. The Court granted certiorari in

1

that case to address "[w]hether 18 U.S.C. 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague."  Pet'r's Br., Lynch v. Dimaya, 2016 WL 6768940 (U.S. filed Nov. 14. 2016).  The residual clause in § 924(c)(3)(B) is worded identically to § 16(b).

Petitioner contends that Dimaya may be dispositive of the issues raised in his § 2255 Motion.  For the reasons stated in the Motion, and with Respondent's consent, the Court concludes the Motion should be granted.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to hold the above-captioned action in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is held in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498.  Thereafter, the Federal Defenders of Western North Carolina shall have 60 days to file a supplement to Petitioner's pro se Motion to Vacate or notice that it does not intend to supplement the Motion.

Signed: March 20, 2017

Richard L. Voorhees
United States District Judge